**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4578**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

MARKIE ANTOINE HARVEY,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.   (3:03-cr-00071-REP-1)

─────────────

Submitted:  December 22, 2010      Decided:  January 14, 2011

─────────────

Before AGEE and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael S. Nachmanoff, Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Olivia L. Norman, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, Markie Antoine Harvey pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2006), and the district court sentenced him to seventy months of imprisonment followed by five years of supervised release. Subsequently, Harvey pleaded guilty to violating the terms of his supervised release and the court sentenced him to twenty-four months of imprisonment. Harvey now appeals, arguing that the revocation sentence is plainly unreasonable. For the reasons that follow, we affirm.

This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence was unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. On review, we will assume a deferential appellate posture concerning issues of fact and the exercise of discretion. Id. at 439.

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a) (2006), "'the court ultimately has broad

2

discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'" Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis — whether the sentence was plainly unreasonable. Crudup, 461 F.3d at 438-39.

On appeal, Harvey argues that the sentence is both procedurally and substantively unreasonable. Specifically, Harvey argues that the court failed to adequately explain the sentence and that the sentence failed to provide for effective rehabilitation. A district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). In the context of a revocation sentence, the court must provide a statement of reasons for the sentence imposed, as with the typical sentencing procedure, but this statement "need not be as detailed or specific" as has been required for departing from a traditional guidelines range. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (citation omitted). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge

3

should address the party's arguments and explain why he has rejected those arguments." Carter, 564 F.3d at 328 (internal quotation marks and citation omitted).

"By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010); see also Thompson, 595 F.3d at 546 ("[A] defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review.") (citation omitted). When the claim is preserved, this court reviews the issue for an abuse of discretion. Lynn, 592 F.3d at 576, 579. If the district court abused its discretion, this court will "reverse unless . . . the error was harmless." Id. at 576. Where the district court commits error, the government bears the burden of demonstrating that the error was harmless. Id. at 585.

Here, Harvey preserved his claim regarding the adequacy of the court's explanation for appellate review by adducing arguments for a sentence different than that imposed by the court. We conclude, however, the Government has demonstrated that any error in failing to adequately explain the sentence or respond to all of Harvey's sentencing arguments was

4

harmless. Moreover, we have thoroughly reviewed the record and conclude that the sentence is otherwise procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>